# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**DEANDRE JOHNSON, #1999377,**

      **Petitioner,**

**v.**                                           **Case No. 2:21cv511**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,** *et al.*[1]

      **Respondents.**

## REPORT AND RECOMMENDATION

    This matter is before the Court on Petitioner Deandre Johnson's ("Petitioner") *pro se* Amended Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 4, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 16. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 16, be **GRANTED**, and the Amended Petition, ECF No. 4, be **DENIED** and **DISMISSED WITH PREJUDICE**.

---

[1] Petitioner names T.N. Hicks, a Warden, in his petition. *See* ECF No. 1. However, the proper respondent in a § 2254 petition is the state officer who has custody of Petitioner, here, Harold W. Clarke. *See* Rule 2(a), Rules Governing Section 2254 Cases.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was convicted on November 5, 2020, in the Stafford County Circuit Court ("the Trial Court") of seven counts of Threatening by Letter or Communication in violation of Virginia Code § 18.2-60, two counts of Attempted Threat by Letter or Communication, in violation of Virginia Code §§ 18.2-60 and 18.2-26, and four counts of Violation of a Protective Order, third or subsequent offense, in violation of Virginia Code § 18.2-60.4.  ECF No. 1 at 1; ECF No. 18 at 1. A Trial Court entered a final order on November 24, 2020, which sentenced Petitioner to a term of four years and eighteen months imprisonment.  ECF No. 1 at 1; ECF No. 18 at 1.

Petitioner's convictions arise out of the following factual background, as summarized by the Court of Appeals of Virginia.

> Following [a separate, unrelated] trial on June 5, 2019, appellant was convicted of assault and battery of a family member, unlawful entry, rape, and strangulation. The victim was his estranged wife, Courtney Tejada. In connection with the prosecution of those offenses, a protective order was issued for Tejada prohibiting appellant from having contact with her. During his incarceration before and after trial, he wrote several letters to Tejada. On May 29, 2019, appellant wrote Tejada a letter stating, "When I'm free, I'm coming for you. You better be single, childless, and unmarried." On September 20, 2019, he wrote another letter in which he told her, "I constantly experience homicidal thoughts when I think about certain things that transpired that you denied and blamed me for." The letter continued, "Speak now or forever hold your peace." On October 25, 2019, appellant wrote Tejada,

> > Should I consider retribution or drop it. I'm begging you to respond. I will be home sooner than you think. I have the VIN number and the tag number to that Nissan Altima. Please do not underestimate my determination. I'm under the impression that you sincerely do not want to live. You constantly speak about suicide. I constantly think about homicide. Maybe we can make a mutual agreement.

> The letter continued, "If you're justified in committing adultery, shall I not be justified in committing murder?" On December 20, 2019, appellant wrote a letter to Tejada threatening to kill her and her boyfriend, Nestor.  He told her, "You're going to get Nestor killed and if I kill you after I'm released, I will be justified." In the same letter, he wrote,


> If you divorce me while I'm locked down, you deserve to be doused
> with gasoline, set on fire, burned alive. Bitch, you my fucking wife
> and when I'm released, I'm coming for you, figuratively and
> literally, bitch. And don't waste your time with Nestor. He'll be dead
> by this time next year.

Appellant stressed that his conviction was under review and that he hoped to be released by April 2020, "if not sooner." However, he noted that, even if he had to serve his sentence, Tejada would "never be free to live." Tejada testified that she was frightened by the letters and turned them over to Detective Corona. At trial, Corona recalled that Tejada was "definitely disturbed" by the letters.

Amanda Sweeney was the assistant Commonwealth's attorney in Spotsylvania County who prosecuted appellant in June 2019. On April 19, 2019, she also prosecuted his prior violations of the protective order. On June 27, 2019, appellant wrote Sweeney a letter in which he made several explicit remarks about her undergarments and genitalia and told her that his convictions would be reversed. He asked Sweeney about her "favorite position" and told her that he wanted her to bear his children. Appellant requested that Sweeney wear a "red thong," and informed her that, after he was released, he would be "on top of [her] 9-7." On November 6, 2019, appellant wrote Sweeney another letter describing in coarse and detailed terms how he wanted to have sexual intercourse with her after his release. Appellant stressed, "This is personal, Amanda." On December 16, 2019, appellant wrote a third letter to Sweeney in which he told her that he "was coming for [her]" after he was released in April 2020. He asked her again about wearing a "red thong" and discussed having sexual intercourse with her in graphic detail. Appellant stressed that he would be able to find her based on her "online" activity. Sweeney testified that appellant's letters to her were "frightening and concerning."

Through Detective Corona, the Commonwealth also introduced a letter and motion that appellant filed with Judge Rigual, the judge who presided over his June 9, 2019 trial. On January 2, 2020, Judge Rigual received a letter from appellant in which appellant told the judge that he "deserve[ d] to die the death of a foolish man," and noted that "[a]n untimely death is indeed in your future." Appellant wrote that Judge Rigual would "have to die an early death" because he had denied appellant's recusal motion. In a motion filed on January 2, 2020, appellant moved to vacate the sentencing order in the June 2019 convictions, complaining that Judge Rigual lacked the authority to impose conditions prohibiting contact with Tejada after his release. He stated that Judge Rigual was "worthy to be put to death" and concluded his motion by announcing, "Die a painful, early death you dumb, racist, foolish man. Thru [sic] habeas corpus I will be free by January 9, 2020."

ECF No. 18, attach. 3 at 2–4 (alterations in original).

Following his conviction, Petitioner appealed to the Court of Appeals of Virginia.  ECF No. 1 at 2; ECF No. 18, attach. 3 at 11.  However, before his counsel was able to file a brief in his

direct appeal, Petitioner filed a pro se petition for a writ of habeas corpus in the Supreme Court of Virginia on January 25, 2021 ("the First State Habeas Petition").   ECF No. 18, attach. 2 at 1. Therein, Petitioner raised the following claims:

> Claim (a): "First Amendment (all counts) 'sufficiency of evidence'" *Id.* at 6.

> Claim (b): "Due Process Violation VA Code 19.2-217 'defective indictments'" *Id.*

> Claim (c): "Double Jeopardy Violation 18.2-60.4 same offense as 18.2-60" *Id.*

*See also id.* at 24–25.  The Supreme Court of Virginia dismissed the State Habeas Petition on May 19, 2021, finding that Petitioner's claim was barred "because a petition for a writ of habeas corpus may not be employed as a substitute for appeal."  *Id.* at 1 (citing *Brooks v. Peyton*, 210 Va. 318, 321–22 (1969)).

Through counsel, Petitioner filed his brief related to his direct appeal on March 8, 2021. ECF No. 1 at 2; ECF No. 18, attach. 3 at 11.  On direct appeal, Petitioner raised the following assignments of error:

> 1. The Trial Court erred in finding sufficient evidence to convict Appellant of the changes of Felony Threat in Writing when the Commonwealth failed to present evidence beyond a reasonable doubt that Appellant made actual threats to commit an unlawful act.

> 2. The Trial Court erred in allowing the Commonwealth to admit Appellant's prior convictions for violating a protective order when the orders did not indicate that Appellant had been represented by counsel pursuant to his Sixth Amendment rights.

ECF No. 18, attach. 3 at 16.  The Court of Appeals of Virginia denied Petitioner's appeal on July 21, 2021.  *Id.* at 1.  With respect to the first assignment of error, the Court of Appeals of Virginia held:

> Here, the evidence supported a rational finding that appellant's threats were sufficient to generate a reasonable fear in the victims that he intended to injure them "presently or in the future." See Holcomb v. Commonwealth, 58 Va. App. 339, 350-51 (2011). In determining whether appellant's letters placed Tejada and

Sweeney in "reasonable apprehension of death or bodily injury," the jury was entitled to consider their reactions to the threats. *See id.* Tejada testified that she was frightened by the letters, and Corona noted that Tejada was "definitely disturbed" by them. Sweeney testified that she was "frightened and concerned" by the letters. Further, both victims had a history with appellant. Appellant had already committed violent offenses against Tejada, permitting a reasonable inference that he would carry out his threats against her, either through a third party or upon his release from incarceration. Based on Sweeney's prosecution of appellant's earlier offenses, a rational fact finder could also conclude that she knew his capacity for violence. The jury could also reasonably determine that Tejada and Sweeney were aware that appellant would be released from incarceration at some point in the future and that, even if he was not, he knew their respective locations, as demonstrated by his ability to reach them through correspondence and his statements about finding Sweeney on the internet and Tejada through her car's VIN information. Viewed as a whole, the evidence entitled the jury to conclude that appellant's written threats generated "a reasonable apprehension of death or bodily harm" in each of the victims. Code § 18.2-60. Accordingly, the evidence was competent, credible, and sufficient to prove beyond a reasonable doubt that appellant was guilty of two counts of attempted threat by written communication and seven counts of threat by written communication.

*Id.* at 6–7. With respect to the second assignment of error, arguing that the Trial Court erred in allowing the Commonwealth to admit Appellant's prior convictions for violating a protective order, the Court of Appeals of Virginia noted that Petitioner "concede[d] that he did not object below to the admission of the prior convictions, but ask[ed] that [the Court of Appeals] consider his arguments under the ends of justice exception in Rule 5A:18[2]... because the prior convictions were 'essential element[s]' of the felony offenses for protective order violations." *Id.* at 7. The Court of Appeals considered the argument, but refused to apply the ends of justice exception, holding:

> Appellant has failed to establish that the conduct for which he was convicted is not a criminal offense, and the record does not affirmatively establish that an element of the offenses did not occur. Each of the prior convictions for violating a protective order arose out of a trial on April 19, 2019. The offense dates were December 28, 2018; January 16, 2019; January 18, 2019; January 20, 2019; and January 23, 2019. Tejada testified that she obtained an emergency protective order against appellant on December 26, 2018. Detective Corona testified that appellant had prior convictions for violating a protective order, and he noted that appellant

---

[2] Rule 5A:18 states, "No ruling of the trial court . . .will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Va. Sup. Ct. R. 5A:18.

> violated the protective order five times before April 19, 2019. Thus, the record does not "affirmatively establish" that the predicate convictions, an element of the offenses, did not occur. Id. "Under these circumstances, this is not one of the rare instances where we invoke the ends of justice exception and consider the issue first raised by appellant on appeal." Id. Accordingly, we decline to invoke the ends of justice exception, and Rule 5A: 18 bars our consideration of this assignment of error.

*Id.* at 9.

Petitioner filed an appeal with the Supreme Court of Virginia, raising the same arguments as he did with the Court of Appeals of Virginia. ECF No. 18, attach. 4 at 8. The Supreme Court of Virginia refused the petition for appeal on February 24, 2022. *Id.* at 1.

On June 10, 2021, Petitioner then filed another petition for a writ of habeas corpus in the Supreme Court of Virginia ("the Second State Habeas Petition"). ECF No. 18, attach. 5 at 6–21. Therein, he raised the following claims[3]:

> Second State Habeas Claim (1): Substantive Due Process Violation: "The SCV deprived Johnson of due process[] when it prevented him from using Virginia's habeas corpus remedy to raise his federal claims." ECF No. 18, attach. 5 at 16.

> Second State Habeas Claim (2): Ineffective Assistance of Counsel: "Counsel was ineffective for failing to raise additional claims" (*id.* at 17):

>> (A) "Defective Indictments[:] prior to trial Johnson vehemently argued to the court that the nine 18.2-60 indictments were defective and did not comply with due process requirements . . . [because] the indictments failed to allege the victims were filled with apprehension of death or bodily injury." *Id.*

---

[3] Petitioner's claims were unnumbered in his Second State Habeas Petition, however, the Court numbers them here for clarity's sake, and also summarizes them as best as possible from Petitioner's pleading. *See* ECF No. 18, attach. 5.

(B) "First Amendment[:] The statutes under which [Petitioner] stands convicted Va Code 18.2-60 [Threating by Letter or Communication] and 18.2-60.4 [Attempted Threat by Letter or Communication] are . . . unconstitutional." *Id.* at 18–20.

(C) "42 U.S.C. § 2000bb *et seq.* RFRA[:] Johnson argued at trial that his letter to Tejada and Rigual were wholly consistent with the tenets of his faith as a Hebrew Israelite of the tribute of Judah." *Id.* at 20–21.

(D) "Double Jeopardy[:] 18.2-60.4 [Violation of a Protective Order] is a lesser included offense of 18.2-60 [threat by letter or communication]." *Id.* at 16–21.

Second State Habeas Claim (3): The "term of post-release supervision imposed by the circuit court is unconstitutional." *Id.* at 4.

The Supreme Court of Virginia first found that Petitioner's claim that he was deprived of due process when he was prevented from using Virginia's habeas remedy before the conclusion of his direct appeal was not cognizable in habeas because it did not challenge the legality of his detention. *Id.* at 1. In considering each of Petitioner's claims for ineffective assistance of counsel, the Supreme Court of Virginia held that Petitioner's claims did not satisfy either the "performance" or "prejudice" prong of the two-part test for ineffective assistance of counsel announced in *Strickland v Washington*, 466 U.S. 668, 687 (1984). *Id.* at 1–4. Finally, with respect to Petitioner's last claim that his post-release supervision is unconstitutional, the Supreme Court of Virginia held that claim was barred by Virginia Code § 8.01-654(B)(2) and *Dorsey v. Angelone*, 261 Va. 601, 604 (2001), because the facts of the claim were known to Petitioner before his first petition for a writ of habeas corpus and were not raised then. *Id.* at 4.

Petitioner filed a *pro se* § 2254 Petition for federal habeas relief on September 14, 2021. ECF No. 1. Petitioner filed an Amended Petition on November 12, 2021 ("the Amended Petition"), ECF No. 4, and a memorandum in support on May 26, 2022, ECF No. 7. Finally, Petitioner filed a motion to supplement on June 23, 2022 ("the Supplemental Petition"). ECF No. 8. Taken together, Petitioner's Amended Petition and Supplemental Petition raise the following claims:

Claim 1: Petitioner was denied substantive due process when the Supreme Court of Virginia dismissed his First State Habeas Petition. ECF No. 4 at 1; ECF No. 7 at 3.

Claim 2: Petitioner's indictments for Threatening by Letter or Communication (threats in writing) were fatally defective because they failed to allege every essential element of the offense charged, that is, they failed to allege that the "threats" placed any person in reasonable apprehension of death or bodily injury, and therefore the indictments violated Petitioner's due process rights. ECF No. 4 at 1; ECF No. 7 at 4, 7.

Claim 3(a): Petitioner's convictions for Attempted Threats violate his First Amendment Rights because an attempted threat is not an offense, and an attempted threat violates the First Amendment. ECF No. 4 at 1; ECF No. 7 at 5.

Claim 3(b): Petitioner's convictions for Threatening by Letter or Communication violate his First Amendment Rights because Petitioner did not threaten anyone, and did not make an explicit threat to kill or do bodily injury to anyone. ECF No. 4 at 2; ECF No. 7 at 5–6.

Claim 3(c): Petitioner's convictions for Violation of a Protective Order violate his First Amendment rights where the jury was "never charged with the task of finding a threat or act of violence had been committed" and where the jury did not find

8

that the violations were based upon an act or threat of violence.  ECF No. 4 at
2; ECF No. 7 at 6.

Claim 4:      Petitioner's conviction for Violation of a Protective Order (Va. Code § 18.2-
60.4) violates the Double Jeopardy Clause because it is the same as his
conviction for Threatening by Letter or Communication (Va. Code § 18.2-60).
ECF No. 4 at 2.

Claim 5:      Petitioner's conviction for Violation of a Protective Order has a "structural
error" and the evidence used to convict Petitioner was insufficient because the
Commonwealth failed to instruct the jury that in order to convict Petitioner for
a protective order violation, they had to find he committed an act or threat of
violence.  The Commonwealth did not establish that an act or threat of violence
had been committed.  ECF No. 4 at 2; ECF No. 7 at 7.

Claim 6(a):   Appellate Counsel was ineffective for failing to raise Claim 2 on direct appeal,
alleging that Petitioner's indictments for Threatening by Letter or
Communication were defective because they failed to allege every essential
element of the offense charged.  ECF No. 7 at 7.

Claim 6(b):   Appellate Counsel was ineffective for failing to raise Claims 3(a), (b), and (c),
on direct appeal, alleging violations of Petitioner's First Amendment rights. *Id.*
at 7–8.

Claim 6(c):   Appellate Counsel was ineffective for failing to raise Claim 4 on direct appeal,
alleging Petitioner's convictions for Violation of a Protective Order and
Threatening by Letter or Communication violate the double jeopardy clause.
*Id.* at 8.

Claim 6(d):   Appellate Counsel was ineffective for failing to raise Claim 5 on direct appeal,
alleging "structural error" and insufficient evidence to convict Petitioner of

Violation of a Protective Order because the jury did not find an act or threat of violence by Petitioner. *Id.* at 8.

Claim 6(e):   Appellate Counsel was ineffective for failing to argue that Petitioner's convictions for Threatening by Letter or Communication against Tejada violates the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb *et seq.* ("RFRA"). ECF No. 8 at 1.

Claim 6(f):   Appellate Counsel was ineffective for failing to argue that Virginias post-release incarceration release provision (Va. Code § 18.2-10) violates the Sixth Amendment. ECF No. 8 at 1.

On February 8, 2023, Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and *Roseboro* Notice. ECF Nos. 16–19. Petitioner filed a response to Respondent's Motion on February 22, 2023. ECF No. 21. Accordingly, the Amended Petition and Motion to Dismiss are now ripe for recommended disposition.

## II.   DISCUSSION

### A. Exhaustion, Procedural Default, and Federally Cognizable Habeas Claims

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and/or whether Petitioner has procedurally defaulted on his claims such that these claims are simultaneously exhausted and defaulted for purposes of federal habeas review.[4]

#### 1. Exhaustion

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28

---

[4] Respondent concedes that Petitioner's claims are timely pursuant to 28 U.S.C. § 2244(d). ECF No. 18 at 6–7.

U.S.C. § 2254(a).  A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618.  The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd in Pruett v. Thompson*, 996 F.2d 1560 (4th Cir. 1993).  "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Va. Dep't of Corr.*, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 2. *Procedural Default*

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619.  As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)); *see also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally

defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice" (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998)) (internal citations omitted). As the Supreme Court recently observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Under these circumstances, the claim is considered simultaneously exhausted and procedurally defaulted so long as "it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," a federal court may not review the simultaneously exhausted and procedurally defaulted claim. *Id.* (quoting *Gray*, 518 U.S. at 162).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989); *see also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome

procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)).   The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick*, 443 F.3d at 366 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *see also Davila*, 137 S. Ct. at 2065 ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman*, 501 U.S. at 753).   "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick*, 443 F.3d at 366 (quoting *Roach v. Angelone*, 176 F.3d 210, 222 (4th Cir. 1999)).   "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3.  Cognizable Claims

"A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (quoting *Engle v. Isaac*, 456 U.S. 107, 109 (1982)).   Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas review. *Id.* (citing *Inge v. Procunier*, 758 F.2d 1010, 1014 (4th Cir. 1985).   "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding a

petitioner's allegation that the state court lacked jurisdiction rested upon state law and therefore was not cognizable on federal habeas review); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors involved with state post-conviction proceedings are not cognizable on federal habeas review).

### 4. Claim 1 is Not Cognizable on Federal Habeas Review.

Claim 1 of the Amended Petition alleges that Petitioner was denied substantive due process when the Supreme Court of Virginia dismissed his First State Habeas Petition on the grounds that habeas relief cannot be substituted for an appeal. ECF No. 4 at 1; ECF No. 7 at 3. Claim 1 is not cognizable in federal habeas relief because errors involving state post-conviction proceedings are not cognizable in federal habeas review. *Bryant*, 848 F.2d at 493. This is because "the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention *and not to the detention itself*." *Lawrence v. Branker*, 517 F.3d. 700 717 (4th Cir. 2008). Moreover, it is unclear how Petitioner's claim is one that implicates his federal rights. Petitioner contends that he was "denied due process" when the Supreme Court of Virginia dismissed his habeas petition. ECF No. 4 at 1; ECF No. 7 at 3. However, Petitioner cannot simply add due process language to a state law claim and transform it a constitutional question. *Shelman v. Whitten*, 770 F. App'x 423, 424 (10th Cir. 2019) ("a habeas applicant cannot transform a state law claim into a federal one merely by attaching a due process label."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (finding a petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process."). Accordingly, the undersigned **FINDS** that Claim 1 is not cognizable in federal habeas review, and should be dismissed.

5. *Claims 2, 3, 4, 5, 6(d), and 6(f) are Simultaneously Exhausted and Procedurally Defaulted.*

Claim 2 of the Amended Petition alleges Petitioner's convictions were based on "defective indictments." ECF No. 4 at 1; ECF No. 7 at 7. Claim 3 of the Amended Petition alleges Petitioner's convictions violate his First Amendment Rights. ECF No. 4 at 1; ECF No. 7 at 5–7. Claim 4 of the Amended Petition alleges Petitioner's convictions for violation of a protective order and threatening by letter or communication violate the double jeopardy clause. ECF No. 4 at 2. Petitioner raised Claims 2, 3, and 4, in his First State Habeas Petition. ECF No. 18, attach. 2 at 1. However, the Supreme Court of Virginia dismissed Petitioner's First State Habeas Petition on the grounds that Petitioner's claim was barred by the rule in *Brooks v. Peyton*—"because a petition for a writ of habeas corpus may not be employed as a substitute for appeal." ECF No. 18, attach. 2 at 1. The Supreme Court of Virginia's application of the rule in *Brooks v. Peyton* is an adequate an independent state law ground for dismissal of Petitioner's claims. *Jeffers v. Allen*, No. 1:15cv808, 2016 WL 8731439, at *3 (E.D. Va. Mar. 18, 2016) (finding that state habeas court's application of *Brooks v. Peyton* is an adequate an independent state-law ground for a finding of procedural default). Accordingly, Claims 2, 3, and 4 are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Claim 5 of the Amended Petition alleges Petitioner's conviction for violation of a protective order has a "structural error" and lacks sufficient evidence because the Commonwealth failed to instruct the jury that in order to convict Petitioner for a protective order violation, they had to find he committed an act or threat of violence. ECF No. 4 at 2; ECF No. 7 at 7. Claim 6(d) of the Amended Petition alleges Appellate Counsel was ineffective for failing to raise Claim 5 on direct appeal. ECF No. 7 at 8. Petitioner did not raise these claims to the Supreme Court of Virginia on

direct appeal or in either of his state habeas petitions.[5]  If Petitioner were to present Claim 5 and Claim 6(d) in a new state habeas petition to the Supreme Court of Virginia, they would be procedurally barred as untimely under Virginia Code § 8.01-654(A)(2).  Virginia Code § 8.01-654(A)(2) constitutes an adequate and independent state-law ground for a decision.  *Sparrow*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (Va. Code § 8.01-654(A)(2) is an independent and adequate state procedural rule).  Accordingly, Claim 5 and Claim 6(d) are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Claim 6(f) of the Supplemental Petition alleges Appellate Counsel was ineffective for failing to argue that Virginia's post-release incarceration provision (Virginia Code § 18.2-10) violates the Sixth Amendment.  ECF No. 8 at 1.  Petitioner raised Claim 6(f) in his Second State Habeas Petition, where he argued that the term of post-release supervision imposed by the Trial Court is unconstitutional.  ECF No. 18, attach. 5 at 4.  The Supreme Court of Virginia dismissed this Claim in Petitioner's Second State Habeas Petition on the grounds that Petitioner's claim was barred by Virginia Code § 8.01-654(B)(2) and *Dorsey v. Angelone*, 261 Va. 601, 604 (2001), because "the facts of [the claim] were known prior to petitioner's first petition for a writ of habeas corpus, [and] were not previously raised."  *Id.*  It is well-established that Virginia Code § 8.01-654(B)(2) is an adequate and independent state law ground for dismissal of Petitioner's claim.  *Pope v. Netherland*, 113 F.3d 1364, 1372 (4th Cir. 1997) (finding that the Supreme Court of Virginia's dismissal of habeas claim for failure to raise the claim in the first state habeas petition is adequate and independent state law grounds for dismissal).  Accordingly, Claim 6(f) is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

---

[5] The only argument related to the sufficiency of the evidence that Petitioner raised was in his direct appeal, however, that argument related to his conviction for Threatening by Letter or Communication, not his instant argument related to his conviction for a protective order violation.

6. *Petitioner Cannot Demonstrate Cause and Prejudice, or a Fundamental Miscarriage of Justice to Overcome Procedural Default.*

As noted, Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)). "[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner offers no argument or evidence that some objective factor impeded Petitioner's ability to comply with the state procedural rules regarding appellate review. Therefore, Petitioner fails to overcome procedural default. *Accord Strickler*, 527 U.S. at 283 n.24. Absent cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Petitioner also does not assert in the alternative that he is actually innocent, nor does he present any evidence of actual innocence. Absent a sufficient assertion of actual innocence, or evidence supporting actual innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice. *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).

Accordingly, the undersigned **FINDS** that Claims 2, 3, 4, 5, 6(d), and 6(f) are simultaneously exhausted and procedurally defaulted, and thus, should be dismissed. Having conducted a preliminary inquiry to determine the extent to which the Court can review the merits

of the Petition, the Court now turns to the merits of the remaining claims in the Petition, Claims 6(a), 6(b), 6(c), and 6(e), alleging ineffective assistance of counsel.

## B. Standards of Review on Merits of Remaining Claims

### 1. 28 U.S.C. § 2254(d)

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of each of his claims by the state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[6], § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under § 2244)). In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning.

---

[6] Antiterrorism and Effective Death Penalty Act of 1996.

529 U.S. 362, 404–05 (2000). A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Id.* at 405–06. This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case. *Williams v. Taylor*, 529 U.S. 362, 407–08 (2000). *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable."). "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (explaining that the Court

independently reviews whether that decision satisfies either standard).   Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. Ineffective Assistance of Counsel

Because there is no allegation that the state courts decided Petitioner's state habeas "differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1)). *See also Strickland v. Washington*, 446 U.S. 668 (1984).  Generally, to have been entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance, and that he was prejudiced as a result of counsel's deficiency. *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong).  First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance).  Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations omitted). *See also Knowles*, 556 U.S. at 123 ("Under the doubly deferential judicial review that applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)). To be sure, and particularly apropos to Petitioner's claim, the "[f]ailure to raise a meritless argument can ***never*** amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

With these principles in mind, the undersigned now turns to the merits of the remaining claims in the Petition.

C. Facts and Findings of Law

      *1. Claim 6(a)*

      In Claim 6(a), Petitioner alleges Appellate Counsel was ineffective for failing to raise Claim 2 on direct appeal, alleging that Petitioner's indictments for Threatening by Letter or Communication were defective because they failed to allege every essential element of the offense charged. ECF No. 7 at 7. Petitioner raised Claim 6(a) in his Second State Habeas Petition. ECF No. 18, attach. 5 at 1, 16–17. In reviewing Petitioner's Second State Habeas Petition, the Supreme Court of Virginia held that this claim failed under the test outlined in *Strickland v. Washington* because neither the "performance" nor the "prejudice" prong were met. *Id.* at 2. The Supreme Court of Virginia explained that:

> The selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Moreover, the record, including petitioner's indictments for threat by letter or communication, demonstrates the indictments alleged petitioner
>
> > did unlawfully and feloniously write or compose and send or procure the sending of a letter or inscribed communication or electronically inscribed communication producing a visual or electronic message [] containing a threat to kill or do bodily injury to such person or a family member of such person, in violation of Virginia Code Section § 18.2-60.
>
> > Appellate counsel could reasonably have determined the citation to the statute, which sets out the requirement that the communication place the victim in reasonable apprehension of death or bodily injury to himself or his family member, coupled with the facts alleged, was sufficient to set forth all relevant elements of the crime and that any argument to the contrary would have been futile. *See* Code §§ 18.2-60, 19.2-220; *Wall Distributors, Inc. v. Newport News*, 228 Va. 358, 362 (1984) (indictment was sufficient where it "gave information as to what offense was being charged and incorporated by reference the complete definition contained in the ordinance."). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 2.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 6(a). The Supreme Court of Virginia noted that Petitioner's indictments alleged that he unlawfully sent a message "containing a threat to kill or do bodily injury to such person or family member of such person, in violation of Virginia Code § 18.2-60." *Id.* at 2. Further, Petitioner's Appellate Counsel could have determined that citation to the statute, setting forth the essential elements at issue, combined with the facts alleged, was sufficient. The Supreme Court of Virginia also cited to Virginia Code § 19.2-220, which sets forth the requirements of an indictment in Virginia. *Id.* at 2. The Supreme Court of Virginia's interpretation of Virginia Code § 19.2-220, and their finding that Petitioner's indictments for threat by letter or communication satisfied that statute were not unreasonable or contrary to federal law. Nor has Petitioner argued any basis why the Supreme Court of Virginia's interpretation of those provisions is contrary to federal law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Thus, based on its application of the Virginia Code provisions, the Supreme Court of Virginia reasonably found that Petitioner could not establish prejudice, because even if counsel had challenged the sufficiency of the indictments, it would not have changed the outcome of the case since the indictments did satisfy the requirements of the Virginia Code. Because the Supreme Court of Virginia's application of *Strickland*'s performance and prejudice prongs was not unreasonable or contrary to federal law, the undersigned **RECOMMENDS** that Claim 6(a) be **DENIED**.

2. *Claim 6(b)*

In Claim 6(b), Petitioner alleges Appellate Counsel was ineffective for failing to raise Claims 3(a), (b), and (c) on direct appeal, alleging that Petitioner's convictions violate his First Amendment rights. ECF No. 7 at 7–8. Petitioner raised Claim 6(b) in his Second State Habeas Petition. ECF No. 18, attach. 5 at 16–21. In reviewing Petitioner's Second State Habeas Petition, the Supreme Court of Virginia held that this claim failed under the test outlined in *Strickland v. Washington* because neither the "performance" nor the "prejudice" prong were met. *Id.* at 2. The Supreme Court of Virginia reiterated that the selection of issues on appeal are left to the discretion of appellate counsel. *Id.* at 2. The Supreme Court of Virginia further explained:

> the record, including petitioner's letters to the victims, his estranged wife, an Assistant Commonwealth's Attorney who prosecuted petitioner for other crimes, and a circuit court judge, demonstrates petitioner repeatedly threatened the victims with violence and death once he was released from incarceration for other offenses. Counsel could reasonably have determined these threats were not protected free speech and that any argument to the contrary would have been meritless. *See Virginia v. Black*, 538 U.S. 343, 359 (2003) (the First Amendment permits a state to ban 'true threats,' which "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."). Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 3.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 6(b). The Supreme Court of Virginia determined it was reasonable for counsel to conclude that Petitioner's threats to the victims, which included threats about violence and death, were not protected by free speech, because free speech does not protect true threats under United States Supreme Court precedent. *Id.* The Supreme Court of Virginia's interpretation of Petitioner's threats were based on the record, and the Supreme Court of Virginia's application of that record to find that it would

have been meritless for counsel to raise a free speech issue with respect to Petitioner's convictions. *Id.* Thus, based on its application of United States Supreme Court precedent, the Supreme Court of Virginia reasonably found that Petitioner could not establish prejudice, because even if counsel had challenged Petitioner's convictions based on First Amendment grounds, it would not have changed the outcome of the case since Petitioner's threats were not protected by the First Amendment. Because the Supreme Court of Virginia's application of *Strickland*'s performance and prejudice prongs was not unreasonable or contrary to federal law, the undersigned **RECOMMENDS** that Claim 6(b) be **DENIED**.

### 3. Claim 6(c)

In Claim 6(c), Petitioner alleges Appellate Counsel was ineffective for failing to raise Claim 4 on direct appeal, alleging that Petitioner's conviction for Violation of a Protective Order violates the Double Jeopardy Clause because he was also convicted of Threatening by Letter or Communication. ECF No. 7 at 8. Petitioner raised Claim 6(c) in his Second State Habeas Petition, where he argued that "violating a protective order is a lesser included offense of threat by letter or communication because it does not require proof of any fact that threat by letter or communication does not." ECF No. 18, attach. 5 at 1, 16–21. In reviewing Petitioner's Second State Habeas Petition, the Supreme Court of Virginia held that this claim failed under the test outlined in *Strickland v. Washington* because neither the "performance" nor the "prejudice" prong were met. *Id.* at 4. The Supreme Court of Virginia again reiterated that the selection of issues on appeal are left to the discretion of appellate counsel. *Id.* at 2. The Supreme Court of Virginia further explained that:

> the offense of threat by letter or communication requires proof of a written threat to kill or do bodily harm, as well as proof that the victim was placed in reasonable apprehension of death or bodily injury to himself or his family member but does not require that a protective order be violated. *See* Code §§ 18.2-60(A). Conversely, violation of a protective order requires the existence of a judicially issued protective order but does not require proof of a written threat. Code § 18.2-60.4. Accordingly, counsel could reasonably have determined that any argument that violating a

protective order is a lesser included offense of threat by letter or communication because it does not require proof any fact that threat by letter or communication does not was meritless. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 4.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 6(c). To determine whether Double Jeopardy applies, the Supreme Court has established the following rule: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Further, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* The Supreme Court of Virginia explained that threat by letter or communication requires proof of two elements that violating a protective order not, and that violation of a protective order requires the existence of a judicially issued protective order, which threat by letter or communication does not. *Id.* Accordingly, the Supreme Court of Virginia found that Petitioner's convictions under both statutes did not violate the Double Jeopardy Clause.

In light of the language of the statutes under which Petitioner was convicted, the Supreme Court of Virginia's finding that Petitioner's attorney was not ineffective for failing to raise a double jeopardy issue on appeal where there was no double jeopardy violation was not unreasonable or contrary to federal law. Additionally, "[w]hen a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . a federal court should be

especially deferential to a state post-conviction court's interpretation of its own state's law."
*Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012). Here, the Supreme Court of Virginia
determined that Petitioner's convictions each require proof of an additional fact which the other
does not. ECF No. 18, attach. 5 at 4. Thus, the Court is "especially deferential" to the Supreme
Court of Virginia's interpretation of both statutes. Based on the Supreme Court of Virginia's
application of those statutes to the double jeopardy clause, the Supreme Court of Virginia's finding
that Petitioner's convictions do not violate the double jeopardy clause was reasonable. Therefore,
it was not unreasonable or contrary to federal law for the Supreme Court of Virginia to find that
Petitioner's Appellate Counsel was not deficient, or the result of the proceeding would have been
different if his counsel had raised this argument. Because the Supreme Court of Virginia's
application of *Strickland*'s performance and prejudice prongs were not unreasonable or contrary
to federal law, the undersigned **RECOMMENDS** that Claim 6(c) be **DENIED**.

### 4.  *Claim 6(e)*

In Claim 6(e), Petitioner alleges Appellate Counsel was ineffective for failing to argue that
Petitioner's convictions for Threatening by Letter or Communication against Tejada violate the RFRA.
ECF No. 8 at 1. Petitioner raised Claim 6(e) in his Second State Habeas Petition, where he argued that
his letters to Tejada, his estranged wife, were "consistent with the tenets of his faith as a Hebrew
Israelite of the Tribe of Judah" and that the Commonwealth "placed a substantial burden on his faith
by convicting him for transcribing his beliefs into words." ECF No. 18, attach. 5 at 3 (internal
quotations omitted); *see also id.* at 20 (Petitioner's Brief in Support of his Second State Habeas
Petition). In reviewing Petitioner's Second State Habeas Petition, the Supreme Court of Virginia again
reiterated that the selection of issues on appeal are left to the discretion of appellate counsel. *Id.*
at 3. The Supreme Court of Virginia further explained that,

27

petitioner fails to articulate any grounds upon which appellate counsel could reasonably have argued threatening his estranged wife and an Assistant Commonwealth's Attorney with violence and death constituted the free exercise of petitioner's religion. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different.

*Id.* at 3.

The undersigned finds that the Supreme Court of Virginia was not unreasonable in finding that Petitioner failed to satisfy *Strickland's* demanding standard with respect to Claim 6(e). Under RFRA, the government cannot substantially burden a party's free exercise of religion even if the burden results from a generally applicable law. 42 U.S.C. §§ 2000bb-1(a); *see Battles v. Anne Arundel County Bd. of Educ.*, 904 F. Supp. 471, 476 (D. Md. 1995). If the government enacts a law that imposes a substantial burden on a party's free exercise of religion, the government must show the law (1) furthers a compelling governmental interest, and (2) is the least restrictive means of furthering that interest. 42 U.S.C. §§ 2000bb-1(b); *see Battles*, 904 F. Supp. at 476. A violation under the RFRA does not turn on the government's <u>total</u> prohibition of religious exercise but rather a substantial burden on such exercise in the absence of a compelling government interest effected by the least restrictive means. *See El Ali v. Barr*, 473 F. Supp. 3d 479, 527 (D. Md. 2020). Therefore, the threshold question under the RFRA is one of burden: If a party cannot allege facts that sufficiently demonstrate the statute at issue substantially burdens an exercise of religion, then the statute does not implicate the RFRA. *See American Life League v. Reno*, 47 F.3d 642, 654 (4th Cir. 1995); *Battles*, 904 F. Supp. at 476. In determining whether a party's exercise of religion has been substantially burdened, a court must consider "whether the line drawn reflects an honest conviction" rather than whether the party's beliefs "are mistaken or insubstantial." *See Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 724–25 (2014). In examining Petitioner's claim with respect to RFRA, the Supreme Court of Virginia concluded that Appellate Counsel could not have

reasonably argued that Petitioner's threats of violence to his estranged wife and the Assistant Commonwealth's Attorney constituted the free exercise of his religion, and thus did not satisfy the "performance" or "prejudice" prong in *Strickland*. ECF No. 18, attach. 5 at 3. This finding was not unreasonable or contrary to federal law. Though incredibly implausible, even if Petitioner could establish that his exercise of religion is substantially burdened by the Threatening by Letter or Communication statute such that he cannot threaten his wife with violence without violating the law, the statute furthers a compelling government interest and it is the least restrictive means of narrowing that interest. *See Battles*, 904 F. Supp. at 476; *American Life League v. Reno*, 47 F.3d 642, 655–56 (4th Cir. 1995) (holding that a Maryland statute prohibiting threats of force and physical obstruction towards clinics, clinic workers, and access to clinics, served sufficiently compelling governmental interests and was the least restrictive means available, and therefore did not violate RFRA). Therefore, it was not unreasonable or contrary to federal law for the Supreme Court of Virginia to find that Petitioner's Appellate Counsel was not deficient, or the result of the proceeding would have been different if his counsel had raised this argument. Because the Supreme Court of Virginia's application of *Strickland*'s performance and prejudice prongs was not unreasonable or contrary to federal law, the undersigned **RECOMMENDS** that Claim 6(e) be **DENIED**.

In sum, Petitioner has failed to establish the Supreme Court of Virginia's application of *Strickland* to his claims for ineffective assistance of counsel were unreasonable. Accordingly, the undersigned **RECOMMENDS** that Claims 6(a), (b), (c), and (e) be **DENIED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 16, be **GRANTED;** and the Amended Petition, ECF No. 4, be **DENIED** and

**DISMISSED WITH PREJUDICE**.

## IV.  REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1.  Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a).  A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2.  A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made.  The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge
Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
July 6, 2023

30